ERNEST F. ZIMMERMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72577. Filed April 28, 1961.

*Harry Grossman, Esq.*, for the petitioner.
*Ronald S. Schacht, Esq.*, for the respondent.

OPINION.

TIETJENS, *Judge:* The Commissioner determined a deficiency in income tax for 1954 in the amount of $1,080.05.

The only question before us is whether certain income received by petitioner as an air navigator is excludible from gross income under section 931 of the Internal Revenue Code of 1954.

All of the facts are stipulated and as far as pertinent are as follows: The petitioner, Ernest F. Zimmerman, is a citizen of the United States

presently residing in Brussels, Belgium. Petitioner filed his United States Federal income tax return for the year 1954 with the district director of internal revenue, Baltimore, Maryland, on April 18, 1955. This return was thereafter transmitted to the office of the district director of internal revenue, San Francisco, California, on June 6, 1955.

Throughout the calendar year 1954, petitioner was employed as an air navigator by Trans-Ocean Airlines, a domestic corporation with its principal office in the State of California.

On January 26, 1953, petitioner, in the course of his employment with Trans-Ocean Airlines, was transferred to the Territory of Guam, which was his base for flight operations during the period from January 26, 1953, up to July 11, 1954. All of the flights petitioner was engaged in during this period took him outside the territorial waters of the Territory of Guam and across international waters to various islands located in the Pacific Ocean, so that substantially all of his flying time was over international waters. Some of the flights petitioner was engaged in during this period necessitated that he remain outside of the Territory of Guam for one or more full days. During the period January 1, 1954, to July 11, 1954, petitioner's gross compensation for his services rendered to Trans-Ocean Airlines was $5,282.09, out of which $844.91 was withheld by his employer as United States income tax.

On July 11, 1954, petitioner was transferred to Oakland, California, as his principal base of flight operations, and thereafter in 1954 he was also transferred to Bradley Field, Connecticut. During the period July 11, 1954, to December 31, 1954, petitioner's gross compensation from Trans-Ocean Airlines was $1,487.34, out of which the sum of $207.24 was withheld for United States income tax.

During the calendar year 1954, petitioner received no pay for groundwork. His compensation from Trans-Ocean Airlines was based solely on his flying time.

As stipulated, the principal issue in this case is whether the sum of $5,282.09 received by petitioner as compensation for the services rendered to Trans-Ocean Airlines during the period January 1, 1954, to July 11, 1954, was gross income derived from sources within a possession of the United States, and was gross income derived from the active conduct of a trade or business within a possession of the United States as an employee or agent of another, within the meaning of section 931 of the 1954 Code.[1]

---

[1] SEC. 931. INCOME FROM SOURCES WITHIN POSSESSIONS OF THE UNITED STATES.

(a) GENERAL RULE.—In the case of citizens of the United States or domestic corporations, gross income means only gross income from sources within the United States if the conditions of both paragraph (1) and paragraph (2) are satisfied:

(1) THREE-YEAR PERIOD.—If 80 percent or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section), for the 3-year period immediately preceding the close of the taxable year (or for such part of such

For the purposes of section 931 Guam is a possession of the United States and the petitioner would be entitled to exclude the income in question from his gross income if he meets the conditions of that section.

We think the crucial question is whether the wages paid petitioner were income "derived from sources *within*" (emphasis supplied) Guam. When the income involved in questions of this kind is compensation for services, the general rule appears to be that the controlling factor in determining the source of that income is not the place the compensation was paid or the location of the taxpayer at the time of payment, but the place where the services are performed. *Herman A. Kollmar*, 4 T.C. 727, 731.

On this record, the most that can be said to connect the taxpayer's source of income *with* Guam, let alone, from *within* Guam, is that it was "his base for flight operations." It might be assumed that he received his pay in Guam, but, as stated above, that is not controlling. Furthermore, there is nothing in the evidence on the point. All of his flights took petitioner outside the territorial waters of Guam and substantially all of his flying time was over international waters, and, accordingly, outside of Guam. It was his flying time, exclusively, for which his compensation was paid. There is no showing as to how much of this flying time was "within" Guam, but taking judicial notice of the size of the island and the stipulated fact that substantially all of the taxpayer's flying time was over international waters, his flying time within Guam was inconsequential. There is no showing at all as to how much time the taxpayer spent in Guam or what he did there to earn his salary.

On this record it is not possible for us to conclude that the taxpayer has sustained his burden of proving that the percentages of his income as required by section 931 were "derived from sources within" Guam and the Commissioner's determination that the income in question is not excludible from gross income is sustained.

*Decision will be entered for the respondent.*

period immediately preceding the close of such taxable year as may be applicable) was derived from sources within a possession of the United States; and

    (2) TRADE OR BUSINESS.—If—

        (A) in the case of such corporation, 50 percent or more of its gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States; or

        (B) in the case of such citizen, 50 percent or more of his gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States either on his own account or as an employee or agent of another.

[The source of this section is section 251(a), I.R.C. 1939, substantially unchanged.]